

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

March 27, 2015

**VIA ECF AND MESSENGER**[1]
Honorable Richard M. Berman
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: Tourean Lockhart, et al v. City of New York, et al.
     13 Civ. 6941 (RMB)

Your Honor:

  I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent City of New York and the individual Police Officers in the above-referenced matter. Defendants write, pursuant to Your Honor's Order of March 18, 2015, in response to the letter addressed to the Court by Plaintiff Annette Lockhart[2] dated March 9, 2015 (hereinafter "03/09/15 Letter").

  As Your Honor is aware, the parties reached an agreement to settle this case at the conference on March 3, 2015, following over six months of patient mediation by the Court. The settlement was memorialized on the spot in a written agreement, and the signed Stipulation of Dismissal was immediately provided to the Court for its endorsement. The City agreed to pay Plaintiff Tourean Lockhart $15,000 in exchange for a general release by him as to any and all civil rights claims he might assert against the City or any of its employees.

  The Defendants' agreement to enter into a settlement with Tourean Lockhart was premised on the claims of his parents, James and Annette, being first discontinued on the record. Once this was done by Plaintiffs' counsel, Craig Davidowitz, Esq., the remaining parties, Defendants and Tourean Lockhart, consummated the settlement in writing. Due to the structure of the settlement described above, it was not necessary for either James or Annette Lockhart to

---

[1] Pursuant to the Court's Individual Rules of Practice, a courtesy copy of this filing will be delivered to chambers on Monday March 30, 2015.

[2] Ms. Lockhart signed the 03/09/15 Letter as "Annette Bryant." Defendants refer to her by her name as it appears in the caption of the Complaint.

personally sign any releases, stipulations, or other documents. Once Annette and James Lockhart's claims were discontinued upon oral motion by their attorney of record, they ceased to be parties to the case – a fact that Ms. Lockhart appeared to clearly understand at the time. Ms. Lockhart was personally present and involved in the settlement discussions up to, and including, the time when the discontinuance was stated on the record. It was only after the discontinuance of her claims that she requested permission to leave the courtroom while the paperwork was completed by Tourean and counsel for the parties.[3]

Procedurally, Ms. Lockhart now appears to be seeking reconsideration of the oral discontinuance of her claims on the record – an action that was taken by her attorney in her presence, and which everyone in the courtroom, Ms. Lockhart included, appeared to fully understand at the time. Defendants oppose such a motion, and contend that Plaintiff has failed to set forth adequate grounds for why the Court should reconsider the dismissal of her claims. See Federal Rule of Civil Procedure 60(b).

The only reason Ms. Lockhart articulates for why the discontinuance should be reversed is her claim that she was denied access to "information [that] in [her] opinion was necessary for [her] to make an informed decision[.]" 03/09/15 Letter at 1. However, she does not elaborate on what "information" she believes was withheld from her. A good deal of Ms. Lockhart's letter concerns communications between herself and Mr. Davidowitz. Defendants were not party to those communications, and therefore cannot address any of the portions of Ms. Lockhart's letter concerning her relationship with Mr. Davidowitz.[4]

For their part, Defendants have endeavored since the outset of this litigation to be as transparent as possible, and to provide all relevant unprivileged documents and other information in their possession, despite the fact that this case never proceeded very far beyond the limited discovery of the Court's Plan for Certain Section 1983 Cases Against the City of New York ("the § 1983 Plan"). Defendants produced the entire criminal investigation file relating to the arrests at issue – far in excess of what is required under the § 1983 Plan. Defendants also made Detective Bonacarti available for a deposition on May 29, 2014, in an effort to aid in the mediation process, allowing Plaintiffs to question him on all aspects of the case while reserving the right to reopen the deposition should discovery proceed following mediation. At no time have Defendants sought to limit Plaintiffs' access to relevant information in this case.

Moreover, Ms. Lockhart's claim, standing alone, does not rise to the level of a constitutional violation, and the dismissal at the conference was not only appropriate, but allowed the parties to avoid the significant expense of motions practice. The only claim asserted on Ms. Lockhart's behalf in the Complaint states as follows:

---

[3] Plaintiff James Lockhart – Tourean's father – remained with him while he reviewed and signed the release and affidavit of liens presented to him by Mr. Davidowitz.

[4] It is the personal opinion of undersigned counsel that Mr. Davidowitz, and his co-counsel, Nolan Matz, Esq., acted with the utmost professionalism and integrity throughout this case and consistently sought to zealously represent their clients' best interests, even after requesting leave to withdraw.

> Plaintiffs JAMES LOCKHART and ANNETTE LOCKHART seek the reimbursement of $200,000.00 which includes but is not limited to payment of the criminal attorney, and other ancillary expenses associated with the confinement and trial of the plaintiff TOUREAN LOCKHART.

Complaint [ECF No. 1] at ¶ 127. Defendants strongly contend that 42 U.S.C. § 1983 does not create a cause of action that would allow one party to recover as a result of the false arrest and malicious prosecution of another. See, e.g., Rakas v. Illinois, 439 U.S. 128, 133-134 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)). Thus, if the Court were to reinstate Ms. Lockhart's "claim", the only result would be its swift dismissal as legally unsound.

Even assuming, *arguendo*, that such a claim could exist, it would necessarily be entirely derivative of the underlying civil rights claims – claims that, in this case, Tourean Lockhart has agreed to settle without further litigation, and without a determination of liability. Moreover, insofar as the Complaint pleads a right of reimbursement on behalf of "James Lockhart and Annette Lockhart" there is a further question of whether Ms. Lockhart has standing to request reconsideration separate and apart from James Lockhart.

At this time, Defendants have halted processing of the settlement payment to Tourean Lockhart pending resolution of this dispute.[5] The settlement payment will be held in abeyance unless and until the Court affirms the discontinuance and dismissal of all of the claims asserted on behalf of all of the Plaintiffs to this action.

Defendants thank the Court for its consideration herein

                Respectfully submitted,

                Tobias E. Zimmerman
                *Assistant Corporation Counsel*
                Special Federal Litigation Division

cc: Craig Davidowitz, Esq. **(via ECF only)**
    *Attorney for Plaintiffs*

    Ms. Annette Bryant-Lockhart **(via email and Registered Mail)**
    4468 Wilder Avenue
    Bronx, New York 10466
    catchanet0044@gmail.com
    *Plaintiff pro se*

---

[5] This action was taken both at the request of Plaintiffs' counsel, Mr. Davidowitz, and in an abundance of caution with respect to the integrity of the settlement upon which that payment is premised. Accordingly, Ms. Lockhart's request for an "injunction temporarily suspending any payments from the City of New York," 03/09/15 Letter at 3, is moot.